**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| THAI UNION GROUP PUBLIC COMPANY LIMITED; THAI UNION SEAFOOD COMPANY LIMITED; AND OKEANOS FOOD COMPANY LIMITED<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Court No. 26-04901 |

**COMPLAINT**

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Plaintiffs, Thai Union Group Public Co., Ltd.; Thai Union Seafood Co., Ltd.; and Okeanos Food Co., Ltd. ("Plaintiffs"), by and through their counsel, allege and state, as follows:

**ADMINISTRATIVE DETERMINATION TO BE REVIEWED**

1. Plaintiffs seek review of the final determination issued by the U.S. Department of Commerce ("Commerce") in its twentieth administrative review of the antidumping duty ("AD") order on certain frozen warmwater shrimp from Thailand (the "*AD Order*"). The final results of Commerce's review, which covers entries made between February 1, 2024, and January 31, 2025 (the "POR"), were published in the *Federal Register* as *Certain Frozen Warmwater Shrimp From Thailand: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2024-2025*, 91 Fed. Reg. 63,527 (Dep't Commerce Oct. 6, 2026) ("*Final Results*").

2. The factual findings and legal conclusions of the contested determination were set out primarily in the "Issues and Decision Memorandum" accompanying the final results. *See Issues and Decision Memorandum for the Final Results of the Administrative Review of the Antidumping Duty Order on Certain Frozen Warmwater Shrimp from Thailand; 2024-2025*, Case No. A-549-822 (Oct. 1, 2026) (ACCESS Barcode 4957771-02) ("IDM").

**JURISDICTION**

3. Plaintiffs bring this action pursuant to, and in accordance with, sections 516A(a)(2)(A)(i)(I) and 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended (codified at 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii)), contesting certain aspects of the final results of the 2024-2025 administrative review of the antidumping duty order on *Certain Frozen Warmwater Shrimp from Thailand*. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(c), which confers upon the U.S. Court of International Trade exclusive jurisdiction to review final antidumping duty determinations issued by Commerce under 19 U.S.C. § 1516a(a)(2).

**STANDING**

4. Plaintiffs are foreign producers and exporters of subject merchandise, certain frozen warmwater shrimp from Thailand, and therefore are interested parties within the meaning of 19 U.S.C. § 1677(9)(A). Plaintiffs also actively participated in the administrative review through the submission of factual information and written argument and, thus, also are parties to the proceeding as defined in 19 C.F.R. § 351.102(b)(29)(ii). Plaintiffs were selected for individual examination by Commerce as a collective mandatory respondent. Plaintiffs participated in the administrative review proceeding through the submission of questionnaire

responses and through the filing of factual information and legal arguments to address substantive case issues. Accordingly, Plaintiffs have standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS

5. The *Final Results*, which are being challenged herein, were published in the *Federal Register* on October 6, 2026. *See* 91 Fed. Reg. 63,527. On November 1, 2026, Plaintiffs timely filed a Summons initiating this action within thirty days of the publication of the *Final Results*, and Plaintiffs also are timely filing today this Complaint (i.e., within thirty days of the filing of the Summons). The filing of the Summons and Complaint thus are timely in accordance with 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and Rules 3(a)(2) and 6(a) of the Rules of the U.S. Court of International Trade.

## STANDARD OF REVIEW

6. This Court reviews actions concerning determinations issued by Commerce brought under 19 U.S.C. § 1516a(a)(2) to determine whether they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

## PROCEDURAL HISTORY

7. On March 28, 2025, Commerce initiated the twentieth administrative review of the antidumping duty order on Certain Frozen Warmwater Shrimp from Thailand. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 90 Fed. Reg. 14,081 (Dep't Commerce Mar. 28, 2025) ("*Initiation Notice*"). Commerce's period of review ("POR") was February 1, 2024, through January 31, 2025.

8. On July 1, 2025, Commerce issued a memorandum stating that it had selected two entities for individual examination as mandatory respondents in the 2024-2025 administrative review: (1) Thai Royal Frozen Food Co., Ltd. and (2) Thai Union Group Public Co., Ltd. (which also consisted of the following consolidated entities: Thai Union Seafood Co., Ltd. and Okeanos Food Co., Ltd., as well as affiliated parties Pakfood Public Co., Ltd.; Asia Pacific (Thailand) Co., Ltd.; Chaophraya Cold Storage Co., Ltd.; Okeanos Co., Ltd.; and Taksin Samut Co., Ltd. (collectively, "Thai Union").

9. On August 1, 2025, Commerce received timely responses from Thai Union and Thai Royal to section A of Commerce's antidumping duty questionnaire.

10. On August 18, 2025, Commerce received timely responses from Thai Union and Thai Royal to the remaining sections of the questionnaire (*i.e.*, section A, Question 3 and sections B, C, and D) covering home market sales, U.S. sales, and cost of production (COP)/constructed value (CV), respectively).

11. On November 14, 2025, because of a lapse in appropriations and Federal Government shutdown, Commerce tolled all deadlines in the administrative review by 47 days. On November 24, 2025, Commerce tolled all deadlines by an additional 21 calendar days because of a backlog of documents that were electronically filed at Commerce during the Federal Government shutdown. On December 19, 2025, Commerce extended the time period for issuing the preliminary results by an additional 120 days, until May 7, 2026.

12. In March and April, 2026, Commerce received Thai Union's and Thai Royal's responses to supplemental questionnaires.

13. On May 14, 2026, Commerce published the preliminary results of its

administrative review in the *Federal Register* in which it determined a preliminary dumping margin of 1.76 percent for Thai Union and 0.00 percent for Thai Royal. *See Certain Frozen Warmwater Shrimp From Thailand: Preliminary Results of Antidumping Duty Administrative Review, Rescission of Review, in Part, and Preliminary Determination of No Shipments; 2024-2025*, 91 Fed. Reg. 27,255 (Dep't Commerce May 14, 2026) ("*Preliminary Results*"). The non-selected companies under review were preliminarily assigned a weighted-average dumping margin of 1.76 percent based on the margin calculated for Thai Union

14. On June 18, 2025, Thai Union filed a case brief for Commerce's consideration for the final results of review. Thai Union acknowledged that Commerce in the *Preliminary Results* had not granted a CEP offset to Thai Union for its U.S. Channel 3 CEP sales, and argued that for the *Final Results* Commerce should re-examine the evidence and qualitative and quantitative analyses on the record and conclude that Thai Union engaged in substantial selling activities in Thailand such that the channels through which Thai Union made its home market sales of the foreign like product constituted marketing stages that differed from – and were far more advanced than – the marketing stage at which Thai Union sold subject merchandise to the United States via its Channel 3 CEP sales. Because Thai Union made its home market and U.S. Channel 3 CEP sales at different levels of trade, but because Commerce had no basis to determine whether the difference in levels of trade between normal value and the Channel 3 CEP sales affected price comparability, Thai Union argued that Commerce could not make a LOT adjustment, and instead should grant Thai Union a CEP offset for its Channel 3 CEP sales.

15. On October 1, 2026, Commerce issued its final Issues and Decision Memorandum for the 2024-2025 administrative review. *See Issues and Decision Memorandum for the Final*

*Results of the Administrative Review of the Antidumping Duty Order on Certain Frozen Warmwater Shrimp from Thailand; 2024-2025* (Oct. 1, 2026). Commerce continued to deny Thai Union a CEP offset for its U.S. Channel 3 CEP sales, and maintained its calculation of a 1.76 percent antidumping duty rate for Thai Union. On October 6, 2026, Commerce published its final results of review. *See Certain Frozen Warmwater Shrimp from Thailand: Final Results of Antidumping Duty Administrative Review; 2024-2025*, 91 Fed. Reg. 63,527 (Oct. 20, 2026).

**ISSUES PRESENTED BY THE ACTION AND PLAINTIFF'S STATEMENT OF CLAIMS**

16. In the following respects, and for other reasons apparent from the record of the administrative proceeding, Commerce's *Final Results* in its 2024-2025 antidumping duty administrative review are unsupported by substantial record evidence and/or are otherwise not in accordance with law.

**COUNT ONE**

17. Paragraphs 1 through 16 are incorporated herein by reference.

18. Under 19 U.S.C. § 1677b(a)(7)(B) and 19 C.F.R. § 351.412(f), Commerce will grant a CEP offset where a respondent demonstrates that normal value is determined at a more advanced level of trade than the level of trade of CEP sales. Commerce does so where the respondent demonstrates such difference through documentation "that includes both a 'qualitative' and 'quantitative' analysis" to 'find that a . . . CEP offset is warranted.'" *See*, *e.g.*, *Wheatland Tube v. United States*, 755 F. Supp. 3d 1304, 1309-10 (Ct. Int'l Trade 2025).

19. Commerce's determination to deny a constructed export price ("CEP") offset to Thai Union for its U.S. Channel 3 CEP sales, despite substantial record evidence demonstrating both quantitatively and qualitatively that Thai Union performed substantially more selling

activities to support its sales to home market customers than to support its sales to its U.S. affiliate, Chicken of the Sea Frozen Foods (*i.e.*, for its U.S. Channel 3 CEP sales), both in terms of number of selling activities and the intensity of the selling activities performed, was unsupported by substantial record evidence and was otherwise not in accordance with law.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

20. For the reasons stated above, Plaintiffs respectfully request that the Court:

(a) enter judgment in Plaintiffs' favor;

(b) declare that with respect to the issue raised in this Complaint, Commerce's determinations and all related findings and conclusions are unsupported by substantial evidence on the record or are otherwise not in accordance with law;

(c) remand this matter to Commerce for redetermination consistent with the Court's opinion, including a recalculation of Thai Union's antidumping duty margin; and

(d) provide such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jonathan M. Freed
Jonathan M. Freed
Jarrod M. Goldfeder
Robert G. Gosselink
MacKensie R. Sugama

TRADE PACIFIC PLLC
700 Pennsylvania Avenue, SE, Suite 500
Washington, DC 20003
Tel: (202) 223-3760
Fax: (202) 223-3763
Email: jfreed@tradepacificlaw.com

Dated: November 1, 2026

*Counsel to Thai Union Group Public Co., Ltd.; Thai Union Seafood Co., Ltd.; and Okeanos Food Co., Ltd.*